# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION ANDERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>THE CITY, et al.,<br><br>    Defendants. | Case No. 1:14-cv-00202-LJO-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**AMENDED PLEADING DUE IN THIRTY (30) DAYS** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The Complaint is before the Court for screening.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any

time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 667-68.

## III.   PLAINTIFF'S ALLEGATIONS

Defendant California Department of Corrections and Rehabilitations ("CDCR")[1] has a policy of inadequate training and supervision pursuant to which Plaintiff was

---

[1] Plaintiff also refers to the CDCR as the "City."

2

charged with and found guilty of battery upon an officer at Corcoran State Prison ("CSP"). The guilty finding was due to a false incident report, prison staff's failure to follow the CDCR's Departmental Operating Manual ("DOM") requirement that it properly investigate his contentions, and his inability to present witnesses at the disciplinary hearing. His grievance of the guilty finding was improperly screened out, delayed and canceled.

Defendant Kings County ("County")[2] also has a policy of inadequate training and supervision pursuant to which the Kings County District Attorney's Office and prosecutors Thomas Snyder and Javier Navarett brought a criminal action against Plaintiff based on the false CDCR incident report and without probable cause.[3] Plaintiff's Pitchess and Brady motions were wrongly denied by Kings County Judge Giulanni and his request to continue the preliminary hearing was wrongly denied by Kings County Judge O'Rourke.[4]

Plaintiff's California Penal Code § 995 motion was granted and the state criminal prosecution was dismissed.

Plaintiff seeks monetary damages.

**IV. DISCUSSION**

**A.  CDCR**

Plaintiff may not proceed against the CDCR. The Eleventh Amendment "erects a general bar against federal lawsuits brought against a state." *Wolfson v. Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010), quoting *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003). The CDCR, a state agency, is entitled to Eleventh Amendment immunity in this action for damages.

---

[2] Plaintiff also refers to the County as the "City."

[3] Plaintiff does not name as defendants County prosecutors Snyder and Navarett. An eligible government prosecutor is immune when acting pursuant to his or her official role as advocate for the state performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

[4] Plaintiff does not name as defendants County judges Giulanni and O'Rourke. A state court judge is unqualifiedly immune from suits for damages arising from his or her judicial acts. *Sparks v. Duval County Ranch Co., Inc.*, 604 F.2d 976, 978-80 (5th Cir. 1979); see also *Serrano v. People of State of Cal.*, 361 F.2d 474, (9th Cir.1966) (the Superior Court of California is immune from suit under § 1983).

### B. Kings County

Plaintiff may not proceed against Kings County unless it had a deliberate policy, custom or practice which was the moving force behind a constitutional violation. *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir.2007), citing *Monell v. Dept. of Social Services*, 436 U.S. 658, 694-695 (1978).

Regardless of what theory the plaintiff employs to establish municipal liability – policy, custom or failure to train – the plaintiff must establish an affirmative causal link between the municipal policy or practice and the alleged constitutional violation. See *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 391-92 (1989); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *Oviatt v. Pearce*, 954 F.2d 1470, 1473-74 (9th Cir. 1992).

The Complaint does not allege facts demonstrating an express policy or widespread practice of inadequate training and supervision that caused a constitutional deprivation. Plaintiff also omits allegation of a causal relationship between inadequate training and supervision and the alleged injuries.

Plaintiff will be given leave to amend. Before filing an amended complaint, he should review the standard set forth above and determine whether he will be able to state a claim against Kings County. If he is unable to do so, he may nevertheless proceed to try to allege claims against specific individuals who violated his rights.

### C. CDCR Rules Violation

#### 1. CDCR Rules Violation Hearing

When a prisoner faces disciplinary charges, prison officials must provide him with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. See *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974).

4

Plaintiff does not allege facts demonstrating he was denied protections afforded under *Wolff*.

His claim the DOM was violated does not alone demonstrate a procedural due process violation if the minimal protections outlined in *Wolff* have been provided. See *Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994), abrogated in part on other grounds by *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995).

Additionally, state prisoners cannot challenge the fact or duration of their confinement in a § 1983 action. Their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the *Heck* bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson*, 544 U.S. at 81. "[A] state prisoner's § 1983 action is barred (absent prior invalidation) if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–2; *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists).

It appears Plaintiff lost good time credits as a result of the incident described in his Complaint. (See ECF No. 1 at 17.) If so, his requested relief may be *Heck* barred. In his amended complaint, Plaintiff should explain how, if he were to obtain the relief requested in this action, the disciplinary finding could still stand.

2. Grievance of Rules Violation

Plaintiff complains his prison grievance was improperly handled and DOM procedures were not followed. However, "[the prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993), citing *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (D.C. Ill. 1982). A prisoner does not have a claim of entitlement to a

5

grievance procedure. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988); *Ramirez v. Galarza*, 334 F.3d 850, 860 (9th Cir. 2003). There is no independent claim under § 1983 for violation of prison regulations ("Title 15") or CDCR DOM procedures. See *Chappell v. Perrez*, 2011 WL 2296816, *2 (E.D. Cal. June 8, 2011); *Lamon v. Cate*, 2011 WL 773046, *9 (E.D. Cal. February 28, 2011); *Vasquez v. Tate*, 2012 WL 6738167, at *9 (E.D. Cal. December 28, 2012).

### D. State Criminal Proceeding

#### 1. Interference with Self-Representation

Plaintiff may be suggesting a claim he was prevented from adequately defending himself in violation of his Sixth Amendment rights. The Sixth Amendment guarantees Plaintiff the right to represent himself in criminal proceedings, *Faretta v. California*, 422 U.S. 806, 834-36 (1975), and that right includes access to law books, witnesses, and other tools necessary to prepare a defense, *Taylor v. List*, 880 F.2d 1040, 1047 (1989); *Milton v. Morris*, 767 F.2d 1443, 1446-47 (9th Cir. 1985).

Plaintiff does not allege facts demonstrating any named Defendant interfered with his criminal defense causing him harm. It is not enough to allege only that pretrial motions were denied.

#### 2. Malicious Prosecution

##### a. Section 1983

In general, a malicious prosecution claim is cognizable under § 1983 only when a defendant intends the prosecution to deny plaintiff's constitutional rights. *Ayala v. KC Environmental Health*, 426 F.Supp.2d 1070, 1083 (E.D. Cal. 2006). Plaintiff does not allege facts demonstrating any named Defendant wrongfully filed charges with the intention of violating Plaintiff's federal rights. See e.g., *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004); *Ambrose v. Coffey*, --- F.Supp.2d ----, 2011 WL 6182342 at *3 (malicious prosecution theory fails where no allegation the action was brought for the purpose of denying a constitutional right).

        b.      State Law

Under California law, a malicious prosecution plaintiff must plead and prove that the prior proceeding commenced by or at direction of the malicious prosecution defendant was: (1) pursued to legal termination favorable to plaintiff; (2) brought without probable cause; and (3) initiated with malice. *Ayala*, 426 F.Supp.2d at 1083. The malice element is established when former prosecution was commenced in bad faith to vex, annoy or wrong adverse party and may, but need not necessarily be inferred from want of probable cause. *Id.*

The state court grant of Plaintiff's 995 motion may suggest a lack of probable cause to criminally charge Plaintiff. See *Beck v. City of Upland*, 527 F.3d 853, 866 (9th Cir. 2008). However, Plaintiff does not allege facts demonstrating any named Defendant acted maliciously in initiating the prosecution. That his 995 motion was granted does not alone support an inference the prosecution was filed maliciously.

Additionally, the Complaint does not demonstrate compliance with state administrative claim filing requirements.[5] See Cal. Gov't Code §§ 905, 911.2(a), 945.4, 950.2; *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 209 (Cal. 2007); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).

The Court will not exercise supplemental jurisdiction over state law claims in the absence of a cognizable federal claim.

## V.    CONCLUSIONS AND ORDER

The Complaint does not state a claim for relief under § 1983.

The Court will grant an opportunity to file an amended complaint consistent with the foregoing. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. *Iqbal*, 129 S.Ct. at 1948-49. Plaintiff must set

---

[5] Plaintiff states the false CDCR incident report was libelous, but makes no supporting allegations. Any such claim would likewise be deficient for want of satisfaction of the state claims filing requirement.

forth "sufficient factual matter . . . to state a claim that is plausible on its face." *Id.* at 1949, quoting *Twombly*, 550 U.S. at 555. Plaintiff must demonstrate that Defendants personally participated in a deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint lodged January 31, 2014,
2. Plaintiff's Complaint (ECF No. 1) is DISMISSED for failure to state a claim upon which relief may be granted,
3. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order, and
4. If Plaintiff fails to file an amended complaint in compliance with this Order,

the undersigned will recommend this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Di Vittorio* 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   May 30, 2014                         /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE