1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION ANDERSON,<br><br>         Plaintiff,<br><br>    v.<br><br>THE CITY, et al.,<br><br>         Defendants. | Case No.  1:14-cv-00202-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 15)**<br><br>**FOURTEEN DAY OBJECTION DEADLINE** |

18
19
20

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The Complaint was dismissed for failure to state a claim.

21
22

      The First Amended Complaint is before the Court for screening.

**I.   SCREENING REQUIREMENT**

23
24
25
26
27

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon

28

1

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that

a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 667-68.

## III.     THE FIRST AMENDED COMPLAINT

Plaintiff names as Defendants (1) Corcoran State Prison ("CSP") Warden Gibson, (2) CSP Deputy Warden Cavazos, (3) California Department of Corrections and Rehabilitation ("CDCR") Chief Appeal Officer Lozano, (4) Kings County Deputy District Attorney ("DDA") Snyder, (5) Kings County DDA Navaratt, (6) Kings County Chief Deputy District Attorney ("CDDA") Strickland, and (7) Kings County, California.

Plaintiff's essential allegations can be summarized as follows:

Plaintiff was administratively charged with resisting arrest and assault on non-party CSP Corrections Officer Cahlander based on false staff reports. He was found guilty following a CDCR 115 rules violation proceeding in which he was denied witness testimony.

His administrative staff complaint was treated as a 602 appeal in order to avoid formal investigation. The appeal was then repeatedly screened out without its merits being considered.

The rules violation was referred to the Kings County District Attorney's Office which filed a criminal proceeding against Plaintiff. Therein, Plaintiff's *Pitchess*[1] motion, seeking correctional officer personnel records, which would have shown a history of filing false prison incident reports, was denied because Kings County and Defendant CDDA Strickland improperly trained Defendant DDA's Snyder and Navarett to withhold exculpatory evidence. Plaintiff's subsequent *Brady*[2] motion to get the same records also was denied by the state trial court.

---

[1] *Pitchess v. Superior Court*, 11 Cal.3d 531 (1974),
[2] *Brady v. Maryland*, 373 U.S. 83 (1963).

Plaintiff's California Penal Code § 995 motion was granted and the state criminal prosecution was dismissed.

Plaintiff seeks monetary damages.

## IV.   DISCUSSION

### A.   The CDCR Rules Violation

#### 1.   Supervisor Liability

Plaintiff claims Warden Gibson was constructively aware of, and indifferent to, the use of false staff report(s) in finding Plaintiff guilty of prison rules violation.

A § 1983 plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the individual actions of the defendants and the alleged violation. See *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Nothing before the Court demonstrates Gibson was aware of Plaintiff's 115 proceeding and related staff reports. Plaintiff contends pervasive unconstitutional practices at CDCR facilities were sufficient notice to Gibson that false staff reports were used in his 115 proceeding. Plaintiff alleges no facts which might support this apparently purely speculative claim.

It is not evident from documentation attached to the amended pleading that Gibson was presented with or otherwise aware of Plaintiff's appeal or any past misconduct by Officer Cahlander. No facts suggest Plaintiff was harmed by Gibson's failure to train or supervise Cahlander.

Plaintiff also maintains his grievance of the 115 findings was treated as an "appeal", not a "staff complaint", and as a result not properly investigated and resolved.

4

He does not state why the grievance process was improper and the investigation lacking. But even if he had, "[the prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993), citing *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (D.C. Ill. 1982). Plaintiff does not have a claim of entitlement to a grievance procedure or result, *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988), and has no independent claim under § 1983 for violation of prison grievance regulations or procedures. See *Chappell v. Perrez*, 2011 WL 2296816, *2 (E.D. Cal. June 8, 2011). His citation to *Chaker v. Crogan*, 428 F.3d 1215, (9th Cir. 2005), a First Amendment viewpoint discrimination case, is inapposite to the facts alleged.

2.      Rules Violation Hearing – Due Process

Plaintiff claims that at his 115 proceeding false staff reports were introduced and he was denied witnesses.

When a prisoner faces disciplinary charges, prison officials must provide him with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. See *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974).

Plaintiff again fails to offer facts demonstrating that he was denied the protections afforded under *Wolff*. There are no facts suggesting staff falsely reported events relating to the rules violation. Plaintiff does not state how or why such reports were incomplete, misleading or incorrect. His argument that Officer Cahlander and others had a history of

5

filing false incident reports is factually unsupported. He does not claim or even suggest that he was denied the ability to contest evidence presented at the 115 hearing. His allegations are not sufficient to show the rules violation finding was knowingly indifferent to use of false evidence.

Likewise, there is no basis to claim denial of witnesses at hearing. Plaintiff does not state he requested that specific witnesses be present to testify, the reason given for denial of a request for witnesses, and what testimony was denied and how he was harmed by the denial.

Additionally, the rules violation proceeding documentation attached to the amended pleading shows Plaintiff waived witness at the 115 hearing because their testimony was already in the record. (See ECF No. 15 at 33.)

Finally, for reasons stated above, that Defendant Lozano may have screened out Plaintiff's prison appeal(s) does not implicate any independently enforceable federal right.

3.    Rules Violation Proceeding – *Heck* Bar

Plaintiff challenges the rules violation for which he appears to have lost good time credit.

He was previously advised that state prisoners cannot challenge the fact or duration of their confinement in a § 1983 action. Their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81–2; *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists).

It appears Plaintiff lost good time credits as a result of the rules violation, (see ECF No. 1 at 17), implicating the *Heck* bar. Plaintiff was instructed in the prior screening order to explain how, if he were to obtain the relief requested in this action, the disciplinary finding could still stand. He has not done so in his First Amended Complaint.

**B.    The State Criminal Proceeding**

1.    Liability of Kings County

Plaintiff claims Kings County trains its prosecutors not to inquire into readily available information in correctional officer personnel files and to use the state law *Pitchess* process to avoid the disclosure required by *Brady*.

Regardless of what theory the Plaintiff employs to establish municipal liability - policy, custom or failure to train - he may not proceed against Kings County unless it had a deliberate policy, custom or practice which was the moving force behind a constitutional violation. *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir.2007), citing *Monell v. Dept. of Social Services*, 436 U.S. 658, 694-695 (1978). He must establish an affirmative causal link between the municipal policy or practice and the alleged constitutional violation. See *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 391-92 (1989); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).

The trial court's denial of Plaintiff's *Pitchess* and *Brady* motions does not alone demonstrate a violation of Plaintiff's civil rights by Kings County and its policymaking officials or a persistent and widespread County practice. *Connick v. Thompson*, ——U.S. ——, ——, 131 S.Ct. 1350, 1359 (2011). There are no facts suggesting County training and supervision played a role in any violation of Plaintiff's rights. His cited *In re Brown*, 17 Cal. 4th 873 (1991) is not authority otherwise.

2.     Liability of County Prosecutors

a.     Supervisor Liability

Plaintiff claims CDDA Strickland improperly trained and supervised the Defendant DDA's Snyder and Navaratt.

This claim is entirely conclusory. No facts are alleged suggesting Strickland personally participated in or knowingly failed to prevent the alleged rights deprivation. *Jones*, 297 F.3d at 934.

b.     Trail Court Proceeding - Due Process

Plaintiff claims Defendant DDA's Snyder and Navaratt denied him due process by withholding exculpatory evidence from correctional officer personnel records sought by Plaintiff in his *Pitchess* and *Brady* motions.

Due process requires a prosecutor disclose any material favorable to an accused even if it could not have been introduced as independent evidence of innocence. *Brady*, 373 U.S. at 87-88; see also *Monroe v. Angelone*, 323 F.3d 286, 291 (4th Cir. 2003). Suppression of such evidence violates due process where the evidence is material either to guilt or punishment. *Brady*, 373 U.S. at 87.

In California, a *Pitchess* motion asks for "access to records of complaints, or investigations of complaints, or discipline imposed as a result of those investigations" of "law enforcement and custodial personnel." *Hernandez v. Holland*, 750 F.3d 843, 850, n.7 (9th Cir. 2014); see also *Pitchess,* 11 Cal.3d 531, superseded by Cal. Penal Code §§ 832.7, 832.8, Cal. Evid. Code §§ 1043–1045. However, this state law privilege for official information does not govern federal civil rights proceedings. *Jackson v. County of Sacramento*, 175 F.R.D. 653, 655 (E.D. Cal. 1997).

Plaintiff's allegation that the state trial court denied his *Pitchess* and *Brady*

motions is not alone a basis for a federal civil rights claim. He does not challenge the legal and factual basis for these rulings. He does not identify any undisclosed exculpatory evidence sought. He does not allege constitutional harm by any nondisclosure and none is apparent as the state criminal charges were dismissed prior to trial. See e.g., *Monroe*, 323 F.3d at 291 (*Brady* violation requires the suppression of exculpatory evidence affecting the outcome of trial); *Jammal v. Van De Kamp*, 926 F.2d 918, 919-920 (9th Cir. 1991) (failure to comply with state rules of evidence not necessarily a federal due process violation).

c.      Interference with Self-Representation

Plaintiff may claim Defendants prevented him from adequately defending himself in the state criminal proceeding.

The Sixth Amendment guarantees the right to represent oneself in criminal proceedings, *Faretta v. California*, 422 U.S. 806, 834-36 (1975), and that right includes access to law books, witnesses, and other tools necessary to prepare a defense. *Taylor v. List*, 880 F.2d 1040, 1047 (1989).

Plaintiff again fails to allege facts suggesting any named Defendant interfered with his criminal defense causing him constitutional harm. He was previously advised it is not enough to simply allege his state pretrial motions were denied.

d.      Malicious Prosecution

Plaintiff may claim Defendants wrongfully filed criminal charges against him.

In general, a malicious prosecution claim is cognizable under § 1983 only when a defendant intends the prosecution to deny plaintiff's constitutional rights. *Ayala v. KC Environmental Health*, 426 F.Supp.2d 1070, 1083 (E.D. Cal. 2006).

Plaintiff again fails to allege facts demonstrating Defendant DDA's intended to

violate his federal rights. See e.g., *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004); *Ambrose v. Coffey*, --- F.Supp.2d ----, 2011 WL 6182342 at *3 (December 13, 2011) (malicious prosecution theory fails where no allegation the action was brought for the purpose of denying a constitutional right). Plaintiff's success on the 995 motion may suggest a lack of probable cause, see *Beck v. City of Upland*, 527 F.3d 853, 866 (9th Cir. 2008), but is not sufficient alone to show these Defendants were motivated by a malicious desire to violate Plaintiff's civil rights.

It does not appear that Plaintiff, in his First Amended Complaint, reasserts a state law malicious prosecution claim. In any event such a claim fails for reasons stated in the previous screening order. (See ECF No. 10 at 7:1-19.)

e.      Prosecutorial Immunity

Plaintiff claims the Kings County Defendants acted pursuant to administrative policy, outside protection of prosecutorial immunity.

Government prosecutors are immune when acting as advocates for the state and performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

Plaintiff maintains that the actions and omissions of Defendant DDA's occurred during implementation of County administrative policy. This, according to Plaintiff, makes inapplicable prosecutorial immunity. However, for reasons stated, Plaintiff has not alleged facts implicating a County policy.

Additionally, the actions and omissions attributed to Defendant DDA's occurred during the underlying criminal proceeding entitling them to prosecutorial immunity.

## V.      CONCLUSIONS AND RECOMMENDATION

Plaintiff's First Amended Complaint fails to state any cognizable claim. He was

previously advised of pleading deficiencies and afforded the opportunity to correct them. He failed to do so. Any further leave to amend reasonably appears futile and should be denied.

The undersigned recommends that the action be dismissed with prejudice, that dismissal count as a strike pursuant to 28 U.S.C. § 1915(g), and that the Clerk of the Court terminate any and all pending motions and close the case.

The Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 30, 2014                          /s/ *Michael J. Seng*
                                                   UNITED STATES MAGISTRATE JUDGE

11